## George Lehman & Sons Company
## v.
## Conrad Siggeman.

*Master and Servant—Superior Servant—Negligence of—Personal Injuries—Scope of Employment—Evidence—Instruction.*

1. In an action brought to recover from an employer for injuries suffered by a servant through undertaking a work outside the scope of his employment, by the order of a superior servant, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

2. An instruction assuming a state of facts contrary to those shown by the evidence in the case, should not be given.

[Opinion filed December 24, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Julius S. Grinnell, Judge, presiding.

Mr. George W. Plummer, for appellant.

Mr. M. Salomon, for appellee.

*Per Curiam.* Judgment was rendered in the court below in favor of appellee, and against appellant, for damages alleged to have been received while cleaning a certain brick machine while the same was in operation.

The evidence tended to show that the appellee was directed by the foreman of appellant to clean the machine, that he attempted to do so, and had his hand caught in the machine, and severely injured. It is substantially agreed by appellants, that cleaning the machine was not incident to the work which appellee was employed to perform, and it is shown by the evidence that he had no experience whatever in the matter of cleaning, and had never been instructed in reference thereto or directed to attempt said work before the day when the accident occurred. He was thus injured while engaged in performing, under command of his superior, an act out of the sphere of the employment in which he had been engaged to serve, and subjected to a peril which he did not understand, and which, by his engagement, he did not assume. The case was fairly submitted to the jury on questions as to the due care of appellee, and as to the negligence of appellants, and while it is contended by counsel that the conclusion of the jury on these issues is not sustained by the evidence, an examination of the record satisfies us that the verdict is warranted.

The only error of law claimed to have been committed by the trial court is the refusal to give to the jury appellants' instruction numbered six. Said instruction was intended to relate to certain evidence which tended to show that the brick machine by which appellee was injured, was out of repair, but while it sought to impose on appellee the consequence of continuing to work at the machine so out of repair without reporting its defective condition to appellants, it excludes the hypothesis that cleaning the machine was any part of the work for which he was employed, and rather assumes, against the concurring testimony of all parties to the action, that he was employed to do said work. In this, the instruction was erroneous, and was properly refused.

There is no error in the judgment appealed from, and it will therefore be affirmed.

*Judgment affirmed.*