EMANUEL FRANGIOSE *vs.* HORTON & HEMENWAY.

PROVIDENCE—JULY 20, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Master and Servant.  Negligence.  Assumed Risk.*

Declaration alleged that plaintiff was employed as a "general helper" in excavating cellars and putting in foundations, and that it was his duty to do whatever work he was directed to do by defendants or their foreman; that defendant was erecting a building, using a derrick with a boom attached for the purpose of raising and dumping dirt; that he was ordered peremptorily to go upon a bank during a high wind and assist in working the boom of said derrick, which work was novel to him and dangerous on account of the high wind, the danger whereof was not obvious and no notice of the danger was given him, but he was assured that there was no danger; that while engaged in this work he was injured by reason of being dragged by the swinging of the boom caused by the wind:—

*Held*, on demurrer, that the danger was obvious and assumed by plaintiff.

*Held*, further, that, from the description of his employment, the particular work he was engaged in was included therein.

*Held*, further, that, the work being within his regular employment, and the danger being obvious, the mere fact that he was assured that it was not dangerous did not take the case out of the rule that plaintiff must be held to have assumed the obvious risks of his general employment.

TRESPASS ON THE CASE for negligence.  Heard on demurrer to declaration, and demurrer sustained.

TILLINGHAST, J.   This is trespass on the case for negligence.

The declaration sets out that on the      day of November, 1900, and for a long time prior thereto, the plaintiff was employed by defendants as a general helper in grading land, excavating cellars, putting in foundations, and erecting a brick

building in the town of Cranston, in which work they were using a derrick, with a boom attached thereto connected with large buckets, for the purpose of raising the dirt from the excavation below and dumping it upon a bank on the edge of said excavation, and that it was the duty of the plaintiff while so employed to do whatever work he was directed to do by the defendants and, in their absence, by their foreman.  And the plaintiff avers that it was the duty of the defendants, when assigning him to a work which under his general employment was novel to him, and the danger whereof was not obvious, to explain to him the danger of said work and to fully inform him in regard thereto.

He further avers that on said    day of November he was directed by defendants' foreman, who was plaintiff's superior, and had authority to direct him in the premises, peremptorily to go upon said bank during a high wind and assist in working the boom of the derrick, by swinging it by means of a rope connected therewith, to dump the buckets of dirt as they were raised from the excavation, which work was novel to the plaintiff and dangerous on account of the high wind, the danger whereof was not obvious, and that no notice of said danger was given to the plaintiff by the defendants' foreman, as he was in duty bound to do, but, on the contrary, the plaintiff was assured by said foreman that there was no danger in said work.

The plaintiff further avers that, while in the exercise of due care on his part, and while engaged in said work as directed, he was violently thrown from his footing on said bank by the swinging of the boom of the derrick, caused by the high wind aforesaid, and was dragged over the stones, gravel, and dirt on said bank by the rope which was attached to the boom, whereby he was permanently injured, etc.

(1)    To this declaration the defendants have demurred on various grounds, amongst which are the grounds that it appears therefrom that the injury alleged to have been sustained was one of the risks of the employment, and also that the danger set forth was an obvious one, and hence the plaintiff assumed the risk thereof.

We think the demurrer must be sustained.

The danger of operating the boom of the derrick in a high wind was manifestly an obvious one, and hence one which the plaintiff assumed.

He does not allege that he was a person of tender years, or lacking in ordinary intelligence, and it must therefore be presumed that the natural effect of a high wind blowing against a movable physical object, like that of the boom which he was set to operate, was within his knowledge and comprehension. *Pintorelli* v. *Horton & Hemenway*, 22 R. I. 374; *King* v. *Interstate Railway Co.*, 23 R. I. 583; *Baumler* v. *Narragansett Brewing Co.*, 23 R. I. 430; *Russell* v. *Riverside Mills*, 24 R. I. 591; *Paoline* v. *Bishop Co.*, 25 R. I. 298; *Read* v. *Warwick Mills*, 25 R. I. 476.

It is to be observed that the plaintiff alleges that he was employed "as a general helper" in doing the various kinds of work specified in the declaration, and also that it was his duty while so employed to do whatever work he was directed by the defendants to do. And this being so, we fail to see that the mere fact that the particular work which he was called upon to do at the time he was injured was novel to him takes the case out of the general rule that an employee assumes the ordinary and obvious risks of his employment.

Having been employed as a general helper in doing the work above specified, it certainly could not be successfully claimed that the particular work which he was doing at the time of receiving the injury was not included therein. For it is matter of common knowledge that the working of the boom of a derrick in the manner set out in the declaration is such work as is constantly being done in connection with excavating cellars, putting in foundations, and erecting brick buildings.

Had the plaintiff been called upon to operate some dangerous machine which was new to him, and outside of his general employment, and which was so constructed that the danger thereof was not obvious, it would doubtless have been the duty of the defendants to give him proper instruction and warning in connection therewith. But here no such fact appears. He was simply directed to go upon the bank and

assist in working the boom of the derrick, by swinging the same by means of a rope connected therewith, so as to dump the buckets of dirt as they were raised from the excavation below. And this was evidently such a simple operation that any person of ordinary capacity, acting as a general helper, might properly be called upon to perform it. If there was a high wind blowing at the time, the plaintiff must have known of it as well as the defendants; and hence for his own protection he was called upon to exercise proper care in doing said work, in view of that fact. And the mere fact that the declaration alleges that the danger was not obvious to the plaintiff, when it is apparent from other allegations therein that it must have been obvious to him, does not prevent it from being demurrable. *Baumler* v. *Narragansett Brewing Co., supra.*

The plaintiff's counsel have cited numerous cases to the effect that where a servant is ordered to do work which is outside of his regular employment, and particularly where such work is more hazardous than that which he was employed to do, he can not be held to have assumed the risk of such new employment, especially when he is assured by the master that it is not dangerous. Amongst the cases cited are the following, viz.: *Consol. Coal Co.* v. *Haenni*, 146 Ill. 614; *Lehman & Sons Co.* v. *Siggeman*, 35 Ill. App. 161; *Cin. etc., Ry. Co.* v. *Lang*, 118 Ind. 579; *Chicago, etc., Ry. Co.* v. *Bayfield*, 37 Mich. 205; *Jones* v. *Lake Shore Ry.*, 49 Mich. 573; *Cin. etc., Ry. Co.* v. *Madden*, 134 Ind. 462.

We fully agree with the general doctrine as thus stated, and as laid down in these cases, and our own decisions are in harmony therewith. See *Mann* v. *Print Works*, 11 R. I. 152. But we do not think it is applicable to the case at bar, and for the reason, as already suggested, that the plaintiff's duty under his contract of hiring was to do whatever he was directed to do by his employer in connection with the kinds of work hereinbefore specified. And in view of this allegation we do not think he can be heard to say that the particular work which he was called upon to perform was not within the line of his employment.

In view of the fact, therefore, as we find it from the declara-

tion, that the plaintiff was employed to do the work in question, the same being included in the general work which he was employed to do, and the danger thereof being obvious as aforesaid, we do not think that the mere fact that the defendants' foreman assured him that it was not dangerous takes the case out of the general rule above stated, namely, that the plaintiff must be held to assume the obvious risks of whatever work was connected with his general employment.

Demurrer sustained, and case remanded for further proceedings.

*E. D. Bassett,* for plaintiff.

*Walter B. Vincent,* for defendant.